# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

NATURAL RESOURCES DEFENSE COUNCIL,
INC., 40 West 20th Street, 11th Floor
New York, NY 10011

     *Plaintiff*,

     v.

Civil Action No. 16-1442

PENNY PRITZKER, in her official capacity as
Secretary of Commerce, United States Department
of Commerce
1401 Constitution Ave., NW
Washington, DC 20230,

EILEEN SOBECK, in her official capacity as
Assistant Administrator for Fisheries of the
National Oceanic and Atmospheric Administration,
1315 East-West Highway
Silver Spring, MD 20910,

NATIONAL MARINE FISHERIES SERVICE,
1315 East-West Highway
Silver Spring, MD 20910,

KATHRYN SULLIVAN, in her official capacity
as Administrator of the National Oceanic and
Atmospheric Administration,
United States Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230,

NATIONAL OCEANIC AND ATMOSPHERIC
ADMINISTRATION,
1401 Constitution Ave., NW, Room 5128
Washington, DC 20230,

     *Defendants*.

# COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## INTRODUCTION

1.      Penny Pritzker in her official capacity as Secretary of Commerce, the National

Marine Fisheries Service (NMFS), the National Oceanic and Atmospheric Administration

(NOAA), Eileen Sobeck in her official capacity as Assistant Administrator of Fisheries, and

Kathryn Sullivan in her official capacity as Administrator of NOAA (collectively "Defendants")

failed to timely designate critical habitat for the Main Hawaiian Islands insular false killer whale

as required by the Endangered Species Act (ESA). 16 U.S.C. §§ 1533(a)(3)(A)(i), (b)(6)(C)(ii).

Defendants' inaction risks the extinction of this unique, endangered population of false killer

whales.

2.      False killer whales are a member of the dolphin family and are generally found in

the open ocean where they prey on fish and squid. The Main Hawaiian Island insular false killer

whales, however, are a distinct population of false killer whales that live close to land and,

rather than migrate through the open ocean like others of their species, are permanent island

residents. This population has demonstrated long-term site fidelity to the near-shore waters

surrounding the main Hawaiian Islands. The population's size is around 150 whales.

3.      On September 30, 2009, Plaintiff Natural Resources Defense Council (NRDC)

petitioned the Secretary of Commerce and NMFS to list the Hawaiian insular population of false

killer whales as an endangered species and designate critical habitat concurrent with the listing

pursuant to the ESA.

4.      On November 17, 2010, Defendants issued a finding that the Hawaiian insular

false killer whale "is in danger of extinction throughout its range" and proposed to list it as an

endangered species under the ESA. 75 Fed. Reg. 70,169, 70,182 (Nov. 17, 2010).

5.      In a final rule that went into effect on December 28, 2012, Defendants granted Plaintiff NRDC's petition and listed the Main Hawaiian Islands insular false killer whale as endangered. 77 Fed. Reg. 70,915 (Nov. 28, 2012). Defendants, however, concluded that critical habitat was not determinable at the time of listing because they lacked sufficient information on the impacts of designation, the geographical area occupied by the species, and the physical and biological features essential to conservation. *Id*. at 70,938. Defendants deferred the identification and designation of critical habitat to a future rulemaking. *Id*. That designation is now overdue.

6.      The ESA requires Defendants to delimit a listed species' critical habitat in a final rule at the time the species is listed or, if habitat is not determinable at the time of listing, to designate it in a final rule "not more than one additional year" later. 16 U.S.C. § 1533(b)(6)(C)(ii).  Here, Defendants failed to meet the statutory deadline by more than two and a half years.

7.      Despite a deadline and Defendants' own recognition—dating back at least five years to the proposed listing in November 2010—that this population of whales is at grave risk of near-term extinction, Defendants have not yet issued a final rule designating critical habitat. As a result, the Main Hawaiian Islands insular false killer whale's critical habitat is without full protection.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g) (action arising under ESA citizen-suit provision), 5 U.S.C. § 702 (judicial review of agency action), and 28 U.S.C. § 1331 (federal question jurisdiction).

9.      This Court may grant the relief requested pursuant to 28 U.S.C. §§ 2201- 2202 (declaratory and injunctive relief), 16 U.S.C. § 1540(g) (ESA), and 5 U.S.C. §§ 701-706 (Administrative Procedure Act).

10.      Plaintiff provided Defendants with written notice of Plaintiff's intent to file this suit more than sixty days prior to the commencement of this action and in the form and manner required by the ESA. *See* 16 U.S.C. § 1540(g)(2)(C). A copy of Plaintiff's notice letter is attached as Exhibit A to this Complaint.

11.      Defendants have not corrected their violations of the law in response to Plaintiff's written notice.

12.      Venue is proper in this District under 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred in this district. Specifically, the Department of Commerce is headquartered in Washington, D.C., and officials responsible for designating critical habitat for the whale are located there.

## PARTIES

13.      Plaintiff NRDC is a not-for-profit membership corporation founded in 1970 and organized under the laws of the State of New York. NRDC maintains offices in New York, New York; Washington, D.C.; San Francisco and Santa Monica, California; Chicago, Illinois; Bozeman, Montana; and Beijing, China.  NRDC has more than 294,800 members nationwide and over 1,800 members in Hawaii. NRDC's purposes include the preservation, protection, and defense of our nation's biodiversity and environment. NRDC has long been active in efforts to protect endangered species generally and the Main Hawaiian Islands insular false killer whale specifically.

14.     NRDC members regularly observe, visit, study, work to protect, and delight in the presence of the Main Hawaiian Islands insular false killer whale and its habitat and plan to continue observing, visiting, studying, working to protect, and enjoying these animals and areas in the future. NRDC members derive scientific, recreational, conservation, aesthetic, and other benefits from Main Hawaiian Islands insular false killer whales in the wild and their habitat. These interests have been, currently are, and will continue to be directly, adversely, and irreparably affected by Defendants' violations of the law. NRDC members will continue to be prejudiced by Defendants' unlawful actions until and unless this Court provides the relief prayed for in this Complaint.

15.     Defendant NMFS is an agency of the United States Government, within and under the jurisdiction of the Department of Commerce. Through delegation of authority from the Secretary of Commerce, NMFS administers and implements the ESA and is legally responsible for listing and critical habitat decisions for species such as the Main Hawaiian Islands insular false killer whale.

16.     Defendant NOAA is an agency of the United States Government, within and under the jurisdiction of the Department of Commerce. It has supervisory authority over NMFS.

17.     Defendant Eileen Sobeck is sued in her official capacity as the Assistant Administrator for Fisheries at NMFS. Generally, as Assistant Administrator, and through delegation of authority from the Secretary of Commerce, Ms. Sobeck is the NMFS official responsible for complying with and implementing the ESA for marine and anadromous species, including listing and critical habitat decisions for species such as the Main Hawaiian Islands insular false killer whale.

18.     Defendant Kathryn Sullivan is sued in her official capacity as Administrator of NOAA.

19.     Defendant Penny Pritzker is sued in her official capacity as the Secretary of the Department of Commerce. The Secretary is the federal official responsible for complying with the statutory requirements of the ESA for some marine species, including listing and critical habitat decisions for species such as the Main Hawaiian Islands insular false killer whale.

## LEGAL BACKGROUND

20.     The ESA is a federal statute enacted to conserve species in danger of extinction and the ecosystems upon which they depend. 16 U.S.C. § 1531(b). The ESA is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 180 (1978). The Supreme Court's review of the ESA's "language, history, and structure" convinced the Court "beyond doubt that Congress intended endangered species to be afforded the highest of priorities." *Id.* at 174. "The plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost." *Id.* at 184.

21.     One of the purposes of the ESA is "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species . . . ." 16 U.S.C. § 1531(b). To this end, Section 4 of the ESA requires that the Secretary protect such species by listing them as either "threatened" or "endangered." The term "species" includes "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id.* § 1532(16). An endangered

species is a species "in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6).

22.    A species receives mandatory substantive protections under the ESA only when it is listed as endangered or threatened.

23.    Any interested person can begin the listing process by filing a petition to list a species with Defendants. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

24.    Upon receipt of a petition to list a species, Defendants have ninety days, to the maximum extent practicable, to make a finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(b)(1).

25.    If the Defendants make a positive ninety-day finding, they must promptly publish it in the Federal Register and commence a "status review" of the species. 16 U.S.C. § 1533(b)(3)(A).

26.    After issuing a positive ninety-day finding, Defendants have twelve months from the date they received the petition to make one of three findings:  (1) the petitioned listing is not warranted; (2) the petitioned listing is warranted; or (3) the petitioned listing is warranted but presently precluded by work on other pending proposals for listing species of higher priority. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3).

27.    If Defendants find that listing the species is warranted, they must publish a proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(5). Within one year of the publication of a proposed rule to list a species, Defendants must make a final decision on the proposal. *Id.* § 1533(b)(6)(A).

28.     To the maximum extent prudent and determinable, Defendants must, concurrent with the listing of a species, designate critical habitat. *Id.* § 1533(a)(3)(A)(i). The ESA requires such designation to be based on the best scientific data available. *Id.* § 1533(b)(2).

29.     Critical habitat may include "specific areas outside of the geographical area occupied by the species at the time it is listed . . . upon a determination by the Secretary that such areas are essential for the conservation of the species," as well as "specific areas within the geographical area occupied by the species, at the time it is listed," if they contain those physical or biological features "essential to the conservation of the species" and "may require special management considerations or protection . . . ." *Id.* § 1532(5)(A)(i), (ii).

30.     If Defendants find that critical habitat is not determinable at the time of listing they may extend the one-year deadline to designate critical habitat by "not more than one additional year." *Id.* § 1533(b)(6)(C)(ii). By the close of the second year, the ESA requires Defendants to publish a final rule designating critical habitat based on the best data available at that time. *Id.*

## FACTUAL BACKGROUND

31.     The Main Hawaiian Islands insular false killer whale is a marine mammal species that lives in close association with the Hawaiian Islands and is at serious risk of extinction. Over a decade of aerial surveys have shown a dramatic decline in the animal's abundance, and the best estimates put the population at fewer than 150 individuals. Although the absolute abundance of Hawaiian insular false killer whales is small, location data collected from satellite tags deployed on the whales has confirmed that they concentrate in select areas around the Main Hawaiian Islands, and their population density is among the highest of any false killer whale species.

32.     Defendants have identified 29 separate threats to the species' survival. 75 Fed.

Reg. 70,169, 70,176 (Nov. 17, 2010). Of the threats identified as potentially having a high or

medium risk of causing the whale's extinction, several are habitat-related. Major threats include

reduced prey from overfishing, injury and mortality from fishing gear, toxic contamination, and

anthropogenic noise.

33.     Fisheries enter the whale's habitat and threaten the species by overfishing stocks

the whales depend on for food and injuring the animals with active or derelict fishing gear.

Persistent organic pollutants in the water are a threat to the whale's reproduction and immune

systems; a recent study found persistent organic pollutants in nine out of nine samples taken

from false killer whales in the insular Hawaiian population. The U.S. Navy has a range complex

around Hawaii that employs mid-frequency sonar and explosives, for training and testing

purposes, in an area encompassing most of the known range of the Main Hawaiian Islands

insular false killer whale population. Mid-frequency sonar could cause injury, stranding, habitat

displacement, and disruptions in essential behaviors such as foraging and communication

between mothers and calves.

34.     On September 30, 2009, Plaintiff NRDC submitted a petition to list the Hawaiian

insular false killer whale as an endangered species under the ESA. The petition discussed in

detail threats to the future survival of this already imperiled species.

35.     On January 5, 2010, Defendants determined that the petition "presented

substantial scientific and commercial information indicating that the petitioned action may be

warranted." 75 Fed. Reg. 316 (Jan. 5, 2010).

36.     On November 17, 2010, Defendants published a proposed regulation that

"determined that the Hawaiian insular false killer whale is a distinct population segment (DPS)

that qualifies as a species under the ESA" and proposed to list the Hawaiian insular false killer as an endangered species under the ESA because the whale "is in danger of extinction throughout its range." 75 Fed. Reg. at 70,182. Defendants found that the whale faces a greater than fifty percent probability of functional extinction within seventy-five years. *Id.* at 70,182.

37.     On September 18, 2012, Defendants reopened the public comment period on the November 17, 2010, proposed listing regulation in response to new information regarding, among other things, a Northwestern Hawaiian Islands population of false killer whales and updated satellite tagging information on the Hawaiian insular population. 77 Fed. Reg. 57,554 (Sept. 18, 2012).

38.     In a rule published November 28, 2012, that went into effect on December 28, 2012, Defendants listed the Main Hawaiian Islands insular false killer whale distinct population segment as endangered. 77 Fed. Reg. 70,915 *et seq*. The word "Main" was added to the population's name to distinguish the Main Hawaiian Islands insular false killer whales from the Northwestern Hawaiian Islands false killer whales, which were determined to be a separate stock. *Id.* at 70,915.

39.     Although the ESA requires that, to the maximum extent prudent and determinable, critical habitat be designated concurrently with the final listing of a species, 16 U.S.C. § 1533(a)(3)(A), Defendants concluded that the Main Hawaiian Islands insular false killer whale's critical habitat was not determinable at the time of listing for the following reasons: "(1) Sufficient information is not currently available to assess impacts of designation; (2) sufficient information is not currently available on the geographical area occupied by the species; and (3) sufficient information is not currently available regarding the physical and biological features essential to conservation." 77 Fed. Reg. at 70,938. Defendants thus deferred

9

critical habitat designation to a future rulemaking. *Id.* (deciding "to consider critical habitat for [the Main Hawaiian Islands insular false killer whale] in a separate rulemaking").

40.     The "one additional year" extension to designate critical habitat expired more than two and a half years ago, and Defendants have not designated critical habitat for this endangered species. 16 U.S.C. § 1533(b)(6)(C)(ii).

41.     On April 11, 2016, Plaintiff NRDC sent Defendants a sixty-day notice indicating its intent to file suit if Defendants failed to designate critical habitat for the Main Hawaiian Islands insular false killer whale within the next sixty days.

42.     Defendants have not remedied the legal violations described in the notice letter.

## CLAIM FOR RELIEF

## COUNT ONE

(Endangered Species Act and/or Administrative Procedure Act)

43.     Plaintiff incorporates by reference all preceding paragraphs.

44.     In a final rule proposed on November 17, 2010, and published on November 28, 2012, Defendants listed the Main Hawaiian Islands insular false killer whale distinct population segment as endangered. 75 Fed. Reg. 70,169; 77 Fed. Reg. 70,915. In the final rule, Defendants found that critical habitat was not determinable due to a lack of sufficient information. 77 Fed. Reg. at 70,938. Where a species' critical habitat is not determinable at the time of listing, the ESA permits Defendants to extend the period before such habitat is designated by "not more than one additional year." 16 U.S.C. § 1533(b)(6)(C)(ii). That extension has expired and Defendants have yet to issue a final rule designating critical habitat for the Main Hawaiian Islands insular false killer whale.

45.     Defendants' failure to designate critical habitat for the Main Hawaiian Islands insular false killer whale violates 16 U.S.C. § 1533(b)(6)(C)(ii) and thereby constitutes a "failure of the Secretary to perform any act or duty under [16 U.S.C. §] 1533 . . . which is not discretionary with the Secretary." 16 U.S.C. § 1540(g)(1)(C). Defendants' failure to perform this mandatory, non-discretionary duty also constitutes agency action contrary to and in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1)-(2).

<strong>PRAYER FOR RELIEF</strong>

Plaintiff NRDC respectfully requests that the Court enter judgment providing the following relief:

A.     Declare that Defendants' failure to designate critical habitat for the Main Hawaiian Islands insular false killer whale is a violation of a non-discretionary duty under the ESA, 16 U.S.C. § 1533(b)(6)(C)(ii);

B.     In the alternative, declare that Defendants' failure to designate critical habitat for the Main Hawaiian Islands insular false killer whale is a violation of the Administrative Procedure Act, 5 U.S.C. § 706(1)-(2), and the ESA, 16 U.S.C. § 1533(b)(6)(C)(ii).

C.     Order Defendants to make and publish in the Federal Register a final rule designating critical habitat for the Main Hawaiian Islands insular false killer whale by a date certain;

D.     Award Plaintiff its costs and reasonable attorneys' fees; and

E.     Grant such additional and further relief as the Court deems just and proper.


//

//

//

Respectfully submitted this 13th day of July, 2016.


By: _____

JARED E. KNICLEY (DC Bar No. 1027257)
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
202-513-6242
jknicley @nrdc.org

REBECCA J. RILEY (IL Bar No. 6284356), *pro hac vice pending*
Natural Resources Defense Council
20 N. Wacker Drive, Suite 1600
Chicago, IL  60606
312-651-7913
rriley@nrdc.org

GIULIA C.S. GOOD STEFANI (CA Bar No. 262228), *pro hac vice pending*
Natural Resources Defense Council
1314 Second St.
Santa Monica, CA 90401
310-434-2333
ggoodstefani@nrdc.org

Counsel for Plaintiff
NATURAL RESOURCES DEFENSE COUNCIL