**FILED**

JAN 2 4 2017

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>                     Plaintiff,<br><br>     v.<br><br>PENNY PRITZKER, in her official capacity as Secretary of the United States Department of Commerce, *et al.*,<br><br>                     Defendants. | CASE NO.  1:16-cv-1442-RCL |

### STIPULATED SETTLEMENT AGREEMENT AND ORDER

Plaintiff Natural Resources Defense Council ("Plaintiff") and Defendants National

Oceanic and Atmospheric Administration ("NOAA"); Kathryn Sullivan, in her official

capacity as Administrator of NOAA; Penny Pritzker, in her official capacity as Secretary of

the United States Department of Commerce; the National Marine Fisheries Service

("NMFS"); and Eileen Sobeck, in her official capacity as Assistant Administrator for

Fisheries at NOAA (collectively "Defendants"), by and through their undersigned counsel,

state as follows:

WHEREAS on November 28, 2012, NMFS published a final rule listing the Main

Hawaiian Islands ("MHI") insular false killer whale (*Pseudorca crassidens*) Distinct

Population Segment ("DPS") as an endangered species under the Endangered Species Act

("ESA") and concluding that critical habitat for the species was not determinable at that

"time for the following reasons:  (1) Sufficient information is not currently available to assess

1

impacts of designation; (2) sufficient information is not currently available on the

geographical area occupied by the species; and (3) sufficient information is not currently

available regarding the physical and biological features essential to conservation." 77 Fed.

Reg. 70,915, 70,938 (Nov. 28, 2012);

WHEREAS Section 4(a)(3)(A)(i) of the ESA provides that, "to the maximum extent

prudent and determinable," critical habitat shall be designated "concurrently" with the final

listing of a species. 16 U.S.C. § 1533(a)(3)(A)(i).

WHEREAS Section 4(b)(6)(C)(ii) of the ESA provides that, if at the time of listing,

critical habitat is not determinable, a final regulation designating critical habitat must be

published within one year of listing. 16 U.S.C. § 1533(b)(6)(C)(ii).

WHEREAS, by letter dated April 11, 2016, Plaintiff informed Defendants of its intent

to file suit if NMFS did not designate critical habitat for the MHI insular false killer whale

DPS within sixty days;

WHEREAS, by letter dated June 1, 2016, NMFS responded by informing Plaintiff

that prior to receipt of Plaintiff's letter, NMFS had established an internal schedule based on

its resource and workload constraints, as well as the need to develop a critical habitat

proposal that is scientifically supported, and aimed to publish a proposed critical habitat rule

for the MHI insular false killer whale DPS during the Fall of 2017.

WHEREAS, on July 13, 2016, Plaintiff filed its Complaint initiating the above-

captioned action to compel NMFS to designate critical habitat for the MHI insular false killer

whale DPS;

WHEREAS Plaintiff alleges Defendants have violated Section 4(a)(3)(A)(i) and

(b)(6)(C)(ii) of the ESA (16 U.S.C. § 1533(a)(3)(A)(i) and (b)(6)(C)(ii)) by failing to

designate critical habitat for the MHI insular false killer whale DPS within one year of listing

the species as endangered and determining that critical habitat was not determinable;

     WHEREAS, on October 3, 2016, Defendants filed an Answer to Plaintiff's

Complaint;

     WHEREAS the parties, through their authorized representatives, and without any

admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims,

have negotiated a settlement that they consider to be in the public interest and a just, fair,

adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

     NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES

AS FOLLOWS:

     1.     By October 31, 2017, NMFS shall submit a proposed critical habitat

designation for the MHI insular false killer whale DPS to the *Office of the Federal Register*,

and by July 1, 2018, NMFS shall submit a final critical habitat designation for the MHI

insular false killer whale DPS to the *Office of the Federal Register*.

     2.     NMFS will provide two verbal updates to Plaintiff on the status of completion

of the final critical habitat designation for the MHI insular false killer whale DPS, the first by

January 2, 2018 and the second by March 31, 2018. Nothing in this paragraph shall be

deemed to require the disclosure of privileged information.

     3.     The Order entering this Agreement may be modified by the Court upon good

cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation

between the parties filed with and approved by the Court, or upon written motion filed by

one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1 and 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Defendants fail to meet the deadlines in Paragraphs 1 and 2 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.      No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge any determination issued pursuant to Paragraph 1, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5.      Defendants agree that Plaintiff is entitled to an award of reasonable attorneys'
fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g). As such,
Defendants agree to pay Plaintiff $20,000.00 in settlement of the attorneys' fees and costs in
this matter. Plaintiff agrees to accept this amount in full satisfaction of any and all claims,
demands, rights, and causes of action for attorneys' fees and costs incurred in connection
with the above captioned litigation pursuant to the ESA, 16 U.S.C. § 1540(g), and/or any
other statute and/or common law theory, through and including the date of this agreement.
Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of
Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date
of this agreement.

5.      Plaintiff agrees to furnish Defendants with the information necessary to
effectuate this payment. Defendants agree to submit all necessary paperwork for the
processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund
Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) days of the receipt of the
necessary information from Plaintiff or the approval of this Agreement by the Court,
whichever is later. Plaintiff's attorneys agree to send confirmation of the receipt of the
payment to counsel for Defendants within fourteen (14) days of such payment.

6.      Plaintiff reserves the right to seek additional fees and costs incurred
subsequent to this Agreement arising from a need to enforce or defend against efforts to
modify the deadlines in Paragraphs 1 and 2, or for any other unforeseen continuation of this
action. Defendants reserve the right to contest fees claimed by Plaintiff or Plaintiff's counsel,
including hourly rates and the number of hours billed, in any future litigation. Further, this

Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

7. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

9. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. The Agreement contains all of the agreement between the parties, and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

6

11.    The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

12.    Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 17th day of January, 2017.

JOHN C. CRUDEN,
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

_____*/s/ Mele Coleman*_____
MELE COLEMAN, Trial Attorney
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 305-0229
Mele.Coleman@usdoj.gov

*Attorneys for Defendants*

_____*/s/ Giulia Good Stefani*_____
Giulia Good Stefani
Natural Resources Defense Council
1314 Second Street
Santa Monica, CA 90401
(310) 434-2300
ggoodstefani@nrdc.org

*Attorney for Plaintiff*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this ____23 rd____ day of January, 2017.

Royce C. Lamberth
United States District Judge